DICKS & AL.
*vs.*
CASH & AL.

---

### DICK, & AL. vs. CASH & AL.

APPEAL from the court of the third district —the judge of the said court presiding.

PORTER, J. delivered the opinion of the court. The defendants were sued as makers of a promissory note. They pleaded as exceptions. *First,* a final judgment of nonsuit in their favour in a former action on the same note, and between the same parties, which was a bar to this: and *second,* the pendency of another suit, for the same causes, alleged in the petition.

The court below overruled these exceptions, and an answer was put in on the merits. It contained an assertion that admitting all the allegations in the petition, and the documents thereto annexed, the defendants were not

*If the jury give more than legal interest, the plaintiff may release the overplus and have judgment.*

*Before the arguments on the merits new evidence may be received.*

*The plaintiff may prove, without having pleaded it, that he had endorsed the note to an agent for collection.*

*A judgment of nonsuit cannot be pleaded as res judicata, even after payment of costs.*

bound in law to pay the money claimed of them.

The cause was submitted to a jury, who found a verdict for the plaintiffs with six per cent. interest, from the date of the protest of the note. The plaintiffs entered a remittitur on the record for one per cent, and the court after overruling a motion for a new trial, gave judgment against the defendants for the amount of the obligation sued on, with five per cent. interest.

On the trial as it is called in the record, of the exceptions, after the argument had commenced on the part of the defendants, the counsel for the plaintiffs offered evidence to shew he had paid the costs of the first action in which he had been nonsuited. This evidence was objected to on the ground that it came too late, but the court admitted it. The defendants excepted.

The provisions in the code of practice, *article* 484, under which we presume the objection was made, are understood by this court to apply to a trial on the merits, and do not govern arguments or exceptions, and other incidental questions which may arise in the progress of the cause.

But admitting they did, and supposing the proof was rejected, we do not think the defendants plea of *res judicata* sustained. The evidence introduced by them, merely shews that a judgment of nonsuit was rendered. Now, though it is true, the code of practice (*article* 536,) provides, that such judgment *cannot* be pleaded as *res judicata*, or in bar of another suit for the same cause of action, provided the plaintiff shews he has paid the costs of the first suit—it by no means follows that a judgment of this description *can be* pleaded as *res judicata*, when the costs of the suit are paid. We have had occasion more than once to notice the effect which should be given to this argument *contrario sensu;* and though it is frequently true in the interpretation of laws, it is by no means conclusive. When an examination of the whole subject leads to a conclusion, that such was not the intention of the law maker, these negative expressions cannot be considered as binding in the same manner as a positive enactment that a judgment of nonsuit could be pleaded as *res judicata.* There is no one who will peruse the whole of this article, and compare it with the French part of the law, (to which in cases of ambiguity,

we are bound to look,) who can doubt for one
moment that its only object was to afford pro-
tection by a dilatory exception against the plaintiff harrassing the defendant with repeated actions for the same cause, without paying the costs of those which had been previously dismissed.    To carry it any further would lead to the most absurd consequences.—It would be making a judgment, which was rendered because nothing could be adjudged on the merits, final and conclusive between the parties; and making that which the law contemplated to be final, and a bar to another suit, cease to be so on the payment of costs.

As a plea therefore of *res judicata*, the defence set up by the defendant could not be sustained, and the court did not err in overruling it: as a *dilatory exception* it was defectively pleaded, for there was no averment of the fact which could alone make it so; the non-payment of costs by the plaintiffs.

In regard to the exception taken to the introduction of the decree of the supreme court, it was quite surplusage in the plaintiffs offering such evidence.    The proof introduced on the part of the defendants did not shew any appeal to be pending.    The decree of the court below,

shewed that the plaintiffs had been non-suited.

We deem it unnecessary to notice particularly a bill of exceptions taken by the defendants, not to a decision of the court in setting aside the judgment by default—but to the reasons on which that decision was founded. If the defendants had the benefit of their motion as they had in this instance, it is useless to enquire into the course of reasoning by which the judge below arrived at his conclusions.

On the trial of the merits, the plaintiffs introduced as a witness, the indorsee, to whom they had passed the note in order to prove that it had been endorsed to him as their agent, and that he had not any interest in it. His testimony was objected to, because no such allegation was contained in the petition. We do not think there existed any necessity for such an allegation. The petitioners state themselves to be indorsers of the note. The proof introduced corresponds with this averment. The objection that they had parted with their title, was matter of defence, which was to come from the defendants, and whether that defence was suggested by the instrument introduced or not, cannot vary the plaintiffs' right to introduce evidence to destroy it,

nor increase their obligation to set it out speci-
ally.

The jury found a verdict with six per cent. interest from the date of the protest. This was erroneous, and the plaintiffs immediately entered on the record a remittitur of one per cent.—a new trial was moved for on the ground, that the jury had erred, and that the plaintiffs had no right to correct the error. We agree with the court below, that the plaintiffs had a right to remove the objection to the verdict by a *remittur*, and that judgment was correctly entered up for the principal of the note with five per cent. interest.

We have been requested to confirm the judgment of the court below, with ten per cent. damages, but we cannot accede to the demand. The case on the part of the defendants, *it is true*, comes before us without a shadow of defence on the merits, but it has been most ingeniously contested on technical grounds, which from the previous part of this opinion, are seen not to be free from difficulty, and the appellants may have honestly believed that some of those grounds might avail them before this tribunal.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

DICKS & AL.
*vs.*
CASH & AL.
be affirmed with costs.

*Peirce* for the plaintiffs—*Turner* for the defendants.